**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| **Diamond Williams** | * | **CASE NO.:** |
|  | * |  |
| **Plaintiff,** | * |  |
|  | * |  |
| versus | * |  |
|  | * | **JUDGE:** |
| **ANTIONIO C. HALL, AAA COOPER** | * |  |
| **TRANSPORTATION, AND ACE** | * |  |
| **AMERICAN INSURANCE COMPANY** | * |  |
|  | * |  |
|  | * |  |
| **Defendants.** | * | **MAGISTRATE JUDGE:** |
|  | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT,**
      **MIDDLE DISTRICT OF LOUISIANA**

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, AAA Cooper Transportation, Inc. ("AAA Cooper") and Ace American Insurance Company ("Ace"), through undersigned counsel, hereby remove the above-captioned case action from the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana, where it is currently pending, to the United States District Court for the Middle District of Louisiana, and state as follows:

1.

Petitioners are defendants in a civil suit commenced in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana, on or about May 14, 2019, entitled "*Diamond Williams v. Antonio C. Hall, AAA Cooper Transportation, Inc. and Ace American*

*Insurance Company*" and assigned Docket No. 163274 (Division A). A copy of all process, pleadings, and orders issued in state court is attached *in globo* as Exhibit A to this Notice of Removal.

2.

Service of process of the Citation and Plaintiff's Petition for Damages was made upon AAA Cooper and Ace on June 6, 2019.

3.

At the time of this filing, AAA Cooper and Ace are informed and believe that they are the only defendants that have been properly named and served.[1]  Accordingly, this Notice of Removal is filed within thirty (30) days after the served Defendants' receipt of a copy of the pleadings setting forth the claim for relief upon which the action is based, as required by 28 U.S.C. §1446(b). Consequently, this Notice Removal is timely filed under 28 U.S.C. §1446(b).

4.

As set forth more fully below, this Court has original subject matter jurisdiction over Williams' alleged claims under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy is likely to exceed $75,000, exclusive of interest and costs. The removing defendants have also satisfied the procedural requirements for removal. This action is therefore properly removable to this Court under 28 U.S.C. § 1441.

---

[1] As of the date of this filing, July 8, 2019, the Clerk's Officer for the 21st Judicial District Court for the Parish of Livingston had no service return for Antonio C. Hall in this matter. To the extent that Antonio C. Hall has been properly joined and served as of July 8, 2019, however, undersigned counsel will be undertaking the representation of Antonino C. Hall in this matter, and thus, for the purposes of 23 U.S.C. §1446(b)(2)(A), Antonio C. Hall consents to the removal of this action.

**I.     Removal is proper because complete diversity of citizenship exists between the plaintiff and all defendants.**

5.

A civil action is removable on the basis of diversity jurisdiction if there is complete diversity between the parties and none of "the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[2]

6.

Plaintiff alleges in her Petition that she is domiciled in East Baton Rouge Parish, Louisiana.[3] Accordingly, upon information and belief, Plaintiff is a citizen of Louisiana.

7.

AAA Cooper is, and was at the time the state action was commenced, a foreign corporation incorporated in the State of Alabama with its principal place of business in Alabama. AAA Cooper is therefore a citizen of Alabama for diversity purposes.[4]

8.

Ace is, and was at the time the state action was commenced, a corporation incorporated in the state of Pennsylvania, with its principal place of business located in Philadelphia, Pennsylvania. Accordingly, Ace is a citizen of Pennsylvania for purposes of determining diversity.[5]

---

[2] *See* 28 U.S.C. § 1441(b).
[3] *See* Ex. A, Petition, at Intro¶.
[4] *See* 28 U.S.C. § 1332(c)(1).
[5] *See* 28 U.S.C. § 1332(c)(1). For purposes of this removal, Ace is not required to take on the citizenship of its insured under 28 U.S.C. § 1332(c)(1)(A). Section 1332(c)(1)(A) is not applicable to cases in which a liability policy carrier and said carrier's insured are named as defendants, such as the case is here. *See* Ex. A, ¶13. Nonetheless, Ace's insureds, Hall and AAA Cooper, are both citizens of Alabama, and, thus, diverse from Plaintiff.

9.

Plaintiff's Petition alleges that Antonio C. Hall is a person of full age of majority domiciled in the State of Alabama. Accordingly, Antonio C. Hall is a citizen of Alabama for purposes of determining diversity.[6] Defendant driver Antonio C. Hall has not yet been served.

10.

Accordingly, and pursuant to 28 U.S.C. § 1332, Plaintiff is of diverse state citizenship from all defendants. Further, none of the parties in interest properly joined and served as defendants is a citizen of Louisiana, the state in which this action was brought.[7]

**II.    This action satisfies the amount in controversy requirement because Plaintiff's claims are likely to exceed the sum or value of $75,000.**

11.

Consistent with Louisiana law, Plaintiff does not specify a numerical dollar amount in the Petition.[8] The Fifth Circuit has instructed that, in such a situation, the removing defendants may establish that the requisite amount in controversy is met by demonstrating that it is "facially apparent" that the plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.[9] Federal district courts in the Fifth Circuit consider the types of injuries alleged and the types of damages requested when evaluating whether it is facially apparent that the amount in controversy

---

[6] *See* 28 U.S.C. § 1332(c)(1).
[7] 28 U.S.C. § 1441(b).
[8] *See* La. Code Civ. Pro. art. 893(A)(1); *Bateman v. toys "R" Us-Deleware, Inc.*, 2017 WL 3492536, at *2 (M.D. La. July 26, 2017).
[9] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

is met upon review of a petition that seeks an unspecified amount of damages.[10] Removing defendants may also set forth facts in controversy that support the finding that the requisite amount is in controversy.[11]

12.

A review of the types and amount of injuries and damages alleged by Williams in her Petition demonstrate that the "matter in controversy exceeds the sum or value of $75,000."[12] Considered together with additional details regarding the nature and extent of Williams' injuries and medical treatment asserted in correspondence from Williams' counsel, this Court's original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 is clear.[13]

13.

Plaintiff's Petition seeks recovery for her injuries and damages allegedly sustained in connection with a multi-vehicle accident on or about June 21, 2018.[14] Specifically, Williams alleges that a vehicle driven by defendant driver Antonio C. Hall, owned by AAA Cooper, and insured by AAA Cooper and Ace "violently crashed into the [vehicle in which Williams was a passenger]. After the impact, the [Williams vehicle] became attached to the undercarriage of the Hall vehicle, and the Hall vehicle continued traveling into the right lane approximately 600 feet…."[15]

---

[10] *See Corkern v. Outback Steakhouse of Fla., Inc.*, 2006 WL 285994, at *3 (E.D. La. Feb. 6, 2006) (citing *See Gebbia*, 233 F.3d at 883; *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850-851 (5th Cir. 1999) and *Pollet v. Sears Roebuck & Co.,* 46 Fed. Appx. 226 (5th Cir.2002)).
[11] *See, e.g., Davis v. JK & T Wings, Inc.*, 2012 WL 278728, at *2 (M.D. La. Jan. 6, 2012); *Simon*, 193 F.3d at 850 (5th Cir. 1999); *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003).
[12] 28 U.S.C. § 1332(a).
[13] *See* Email from Plaintiff's attorney, Dec. 11, 2018, attached as Exhibit B; *See also* 28 U.S.C. § 1332(a).
[14] *See generally* Ex. A, Pet.
[15] *See* Ex. A, ¶ 6.

14.

Williams attributes this accident to the fault of the removing defendants, and asserts three theories of recovery against Defendants jointly, severally, and *in solido*.[16] Plaintiff alleges: (1) negligence of Antonio C. Hall; (2) negligence and vicarious liability of AAA Cooper, as Antonio C. Hall's employer; and (3) coverage under the liability policy issued by Ace in favor of Antonio C. Hall and AAA Cooper.

15.

According to her Petition, Williams claims to have suffered numerous severe injuries as a result of this June 21, 2018 motor vehicle accident including "back pain/injuries; neck pain/injuries; feet pain/injuries; leg pain/injuries; arm pain/injuries; shoulder pain/injuries; head pain/injuries; 2nd and 3rd degree burns; and [o]ther injuries which will be more fully established at trial."[17] For these injuries, Plaintiff prays for damages for past, present, and future physical pain and suffering; past, present, and future mental anguish; past, present, and future hedonic damages; past, present, and future disability; past, present, and future impairment of earning capacity; past, present, and future lost wages from each of the removing defendants.[18] Plaintiff also prayed for past, present, and future medical expenses.[19]

---

[16] *See* Ex. A., Pet. ¶¶16, 20.
[17] *See* Ex. A, ¶17.
[18] *See* Ex. A., ¶¶16, 18.
[19] *See* Ex. A, ¶18.

16.

Where, as here, the plaintiff has received numerous injuries of similar types to those generally alleged by Williams, federal district courts generally find there to be sufficient damages to support diversity jurisdiction.[20]

17.

The Fifth Circuit has upheld those district courts' findings of the amount in controversy for diversity jurisdiction based on the extensive injuries alleged and the damages claimed in a petition in cases analogous to the instant matter brought by Williams. For example, in *Hernandez v. USA Hosts, Ltd.,* the Fifth Circuit affirmed the finding that the jurisdictional amount was facially apparent from a petition where the plaintiff claimed "serious personal injuries to her back, knees, shoulder, and body as a whole, including but not limited to the aggravation of pre-existing conditions, which have caused substantial physical pain and suffering; mental anguish; emotional distress, medical expenses; loss of enjoyment of life; lost wages; property damages; and other elements of damages which will be demonstrated at trial of this matter."[21]

18.

The Fifth Circuit similarly held that the amount in controversy was facially apparent from the petition's allegations of fewer and less severe injuries sustained in the slip & fall case of *Gebbia v. Wal-Mart Stores, Inc..*[22] In *Gebbia*, the Court found it facially apparent that the requisite amount was in controversy where the plaintiff alleged injuries to her right wrist, left knee and patella, and

---

[20] *See, e.g., Hernandez v. USA Hosts, Ltd.,* 418 F. App'x 293, 295 (5th Cir. 2011); *Gebbia v. Wal-Mart Stores, Inc.* 233 F.3d 880, 883 (5th Cir. 2000).
[21] *Hernandez*, 418 F. App'x at 295 (5th Cir. 2011).
[22] 233 F.3d 880 (5th Cir. 2000).

upper and lower back and claimed damages for medical expenses, physical and mental pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and disability.[23] These injuries "support[ed] a substantially larger monetary basis to confer removal jurisdiction" than allegations of less severe injuries and less specific damages in earlier cases.[24] Accordingly, remand was denied.[25]

19.

The nature and amount of injuries Williams alleges to have sustained in the motor vehicle accident at issue and the list of related damages which she seeks to recover in this suit support a substantially larger monetary basis to confer removal that those alleged in *Hernandez* and *Gebbia*.[26] Williams' alleged injuries to her head, back, and neck alone support a finding that the amount in controversy is sufficient for removal to this Court, based on a review of jury verdicts in motor vehicle accident cases &/or cases involving allegations of the same type &/or amount of personal injuries.[27]

20.

Moreover, Plaintiff bolstered the severity of her alleged injuries through her counsel's communications with undersigned counsel. In pre-litigation correspondence, Williams' counsel explained that Williams' burns had not healed six months after the motor vehicle accident.[28] Once

---

[23] *Id.* at 883.
[24] *Id.* at 883 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) and *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)).
[25] *Gebbia*, 233 F.3d 880, 883 (5th Cir. 2000).
[26] *Id.*; *Hernandez v. USA Hosts, Ltd.,* 418 F. App'x 293 (5th Cir. 2011).
[27] *See, e.g., Neal v. Wascom Jr.*, 2016 WL 6083706 (La. Dist. Ct. 2016) (The First Circuit Court of Appeal affirmed the award of $700,000 in general damages to a motorist who sustained head, neck, back, shoulder, leg, arm and chest injuries sustained in an automobile accident. After a bench trial in the 21st Judicial District Court for Livingston Parish, the plaintiff was awarded $758,976, including general damages, for her injuries.)
[28] *See* Email from Plaintiff's attorney, Dec. 11, 2018, attached as Exhibit B.

Case 3:19-cv-00446-SDD-RLB   Document 1   07/08/19   Page 9 of 12

healed, Williams would need the expertise of a plastic surgeon to treat her burns.[29] Moreover, elaborating on her subsequent allegations of "head pain/injuries," her counsel explained that Williams' head pain/injuries included a concussion and traumatic brain injury that required continuing treatment with a neurologist as of December 11, 2018—almost six months from the date of the motor vehicle accident at issue.[30]

21.

Furthermore, nowhere in her Petition does Plaintiff allege that the amount of damages sought is less than the requisite jurisdictional amount, as required by Louisiana Code of Civil Procedure Article 893(A)(1). The absence of such an allegation in the Petition is further indicative of a sufficient amount in controversy.[31]

22.

Therefore, based on the extensive injuries alleged and the various damages claimed within Williams' Petition alone, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.[32] Considered in light of Plaintiff's counsel's additional details regarding continued medical treatment and previous verdicts from motor vehicle accident cases involving similar claims, Defendants submit that Williams' alleged claims are likely to exceed $75,000, exclusive of interest and costs.[33] Accordingly, the amount in controversy required under 28 U.S.C. § 1441(b) is satisfied and this Court has original jurisdiction over this matter.[34]

---

[29] *See* Ex. B.
[30] *See* Ex. B, Email, in which Williams' counsel explained that "[Williams] is treating with nuerologist for post concussion/tbi care…."
[31] *See Machinery Paver Sales, Inc. v. Bomag Americas, Inc.,* 2007 WL 2900489, at *3 (M.D. La. Oct. 1, 2007).
[32] *See, e.g., Hernandez v. USA Hosts, Ltd.,* 418 F. App'x 293 (5th Cir. 2011).
[33] *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).
[34] *See* 28 U.S.C. § 1332(a).

**III.   Defendants have satisfied all procedural requirements for removal.**

23.

The United States District Court for the Middle District of Louisiana is the federal district encompassing Livingston Parish, Louisiana, which is where this suit is currently pending.[35] This Court is the proper venue for this case, as the Middle District is the "district and division embracing the place where such action is pending."[36]

24.

Service was effected on AAA Cooper and Ace on June 6, 2019. Thus, this Notice of Removal is timely filed because it was filed within 30 days of receipts by AAA Cooper and Ace of a copy of the initial pleading setting forth Plaintiff's claim for relief.[37]

25.

Upon information and belief, service of process has not been effected on Defendant Antonio C. Hall. Thus, Defendant Antonio C. Hall need not consent to removal.[38]

26.

No previous application has been made for the relief requested herein.

27.

Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice of Removal as Exhibit "A," a copy of all process, pleadings, and orders filed in this state court action.

---

[35] *See* 28 U.S.C. § 98(b).
[36] 28 U.S.C. § 1441(a).
[37] *See* 28 U.S.C. § 1446(b).
[38] 28 U.S.C. § 1446(b)(2).

28.

A copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the 21st Judicial District Court for the Parish of Livingston, State of Louisiana in accordance with 28 U.S.C. § 1446(d).[39]

WHEREFORE, Defendants, AAA Cooper Transportation, Inc. and Ace American Insurance Company, pray that the above numbered and entitled cause pending in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana, be removed from that court to the docket of the United States District Court for the Middle District of Louisiana.

Respectfully submitted:

IRWIN FRITCHIE URQUHART & MOORE LLC

/s/ Matthew W. Bailey
MATTHEW W. BAILEY
Bar Roll No. 21459
SHANNON M. JAECKEL
Bar Roll No. 37738
HILLARY A. BROUILLETTE
Bar Roll No. 38143
400 Convention Street, Suite 1001
Baton Rouge, Louisiana 70802
Telephone: (225) 615-7150
Facsimile:  (504) 310-2101
mbailey@irwinllc.com
sjaeckel@irwinllc.om

*Counsel for Defendants AAA Cooper Transportation, Inc. & Ace American Insurance Company*

---

[39] *See* Notice of Removal to State Court Clerk, attached as Exhibit C.

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 8th day of July, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

                                          */s/ Matthew W. Bailey*
                                          Matthew W. Bailey