**NOTICE OF CONFIDENTIALITY**

## CITATION

**PETITION FOR DAMAGES/REQUEST FOR WRITTEN NOTICE/FIRST SET OF INTERROGATORIES (3)/FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (3)/VERIFICATIONS (3)**

| | | |
|---|---|---|
| WILLIAMS, DIAMOND |  | *Case: 000000163274* |
| Vs. | | *Division: A* |
| | | *21st Judicial District Court* |
| HALL, ANTONIO C | | *Parish of Livingston* |
| | | *State of Louisiana* |

*To:* AAA COOPER TRANSPORTATION, INC., (OR AN AFFILIATE OR SUBSIDIARY THEREOF)
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
REGISTERED AGENT SOLUTIONS, INC.
3867 PLAZA TOWER DRIVE, 1ST FLOOR
BATON ROUGE, LOUISIANA 70816            *of EAST BATON ROUGE Parish*

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the petition of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, the 21st Judicial District Court in and for the Parish of Livingston, State of Louisiana, within FIFTEEN (15) days after the service hereof, under penalty of default.*

**WITNESS MY HAND AND SEAL OF OFFICE AT LIVINGSTON, LOUISIANA, ON MAY 17, 2019.**

*Clerk of Court*
*21st Judicial District*
*Parish of Livingston*

**R. SULLIVAN**_____
**Deputy Clerk of Court**

*Attorney*
BRAD R. MATTHEWS
5656 HILTON AVENUE
BATON ROUGE, LOUISIANA   70808

### Service Information

*Received on the* _____ *day of* _____, 20_____ *and on the* _____ *day of*

_____, 20_____ *served the above named party as follows:*

**Personal Service** *on the party herein named* _____.
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of*
_____, *a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

*DUE & DILIGENT UNABLE TO SERVE BECAUSE:*_____

_____

*Returned:*
*Parish of* _____ *this* _____ *day of* _____, 20_____.

| *Service* | $_____ | |
|---|---|---|
| *Mileage* | $_____ | *By:* _____ |
| *Total* | $_____ | *Deputy Sheriff* |

[ SERVICE ]

**21st JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON**

**STATE OF LOUISIANA**

DOCKET NO.:                                              DIV. " "

*163274 A*                  **DIAMOND WILLIAMS**

**VERSUS**

**ANTONIO C. HALL, AAA COOPER TRANSPORTATION, INC. AND
ACE AMERICAN INSURANCE COMPANY**

FILED: _____        DY CLERK_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, DIAMOND

WILLIAMS, a person of legal age and majority, domiciled in the Parish of East Baton Rouge,

State of Louisiana, who respectfully represents the following Petition for Damages to wit:

1.

Made Defendants are:

a.  **ANTONIO C. HALL**, a resident of full age of majority domiciled in the County of
    Jefferson, Alabama, which may be served via Louisiana Long-Arm Statute, La. R.S.
    13:3201 at his place of residence, 528 64th Street, Birmingham, Alabama, 35212;

b.  **AAA COOPER TRANSPORTATION, INC., (or an affiliate or subsidiary
    thereof)**, upon information and belief, a foreign corporation authorized to do and
    doing business in the State of Louisiana, who can be served through its Agent for
    Service of Process: Registered Agent Solutions, Inc., 3867 Plaza Tower Drive, 1st
    Floor, Baton Rouge, Louisiana 70816; and

c.  **ACE AMERICAN INSURANCE COMPANY**, a foreign insurance company
    authorized to do and doing business in the State of Louisiana, which may be served
    through its registered agent of service of process, the Louisiana Secretary of State,
    Honorable R. Kyle Ardoin, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

2.

Venue is proper in the Parish of Livingston in accordance with LA C.C.P art. 42, *in

extenso*, and this Honorable Court has jurisdiction over the subject matter as described more fully

herein.

3.

The defendants are justly and truly indebted unto Plaintiff for damages, injuries, and

losses that she has sustained together with legal interest from date of judicial demand, and all

costs of these proceedings, and for general and equitable relief for the following to-wit:

**SCANNED**

MAY 1 5 2019

BY: _____

4.

On or about June 21, 2018, Talaishea Vallien, was the operator of a 2004 Chevy Impala ("the Vallien vehicle"), owned by Charles Spikes, in which **DIAMOND WILLIAMS,** Charles Spikes, Xavier Miles and Nicole Spikes, were passengers, traveling eastbound in the right lane, on Interstate 12 west of LA 441, in Livingston Parish, State of Louisiana, within the jurisdictional limits of this court.

5.

On the same date and time, **ANTONIO C. HALL** was the operator of a 2013 Volvo Tractor ("the Hall vehicle"), owned by **AAA COOPER TRANSPORTATION, INC.,** traveling eastbound in the left lane, on Interstate 12 west of LA 441, in Livingston Parish, State of Louisiana, within the jurisdictional limits of this court.

6.

Suddenly and without warning, the Hall vehicle swerved into the right lane causing his vehicle to violently crash into the Vallien. After the impact, the Vallien vehicle became attached to the undercarriage of the Hall vehicle, and the Hall vehicle continued traveling into the right lane approximately 600 feet, thereby causing said accident resulting in injuries to **DIAMOND WILLIAMS.**

7.

At the time of this accident, **ANTONIO C. HALL** was an employee and representative of **AAA COOPER TRANSPORTATION, INC.,** who was acting within his course and scope of employment.

8.

Defendant, **AAA COOPER TRANSPORTATION, INC.** is vicariously liable for the aforementioned fault, incompetence, and negligence of defendant, **ANTONIO C. HALL,** under La. C.C. Art. 2317 where **AAA COOPER TRANSPORTATION, INC.,** negligently entrusted its vehicle to **ANTONIO C. HALL,** whom it knew or should have known was a careless, incompetent, and reckless driver and would cause harm of the type described herein.

9.

During this entire occurrence, Talaishea Vallien drove her vehicle safely and with skill, and in no way did she contribute to causing the collision.

2

10.

The collision described above was caused solely and proximately by the gross and flagrant recklessness, carelessness, negligence, and fault of **ANTONIO C. HALL**, in the following, non-exclusive, particulars, to-wit:

A. In failing to keep a proper look out;

B. In failing to keep **HIS** vehicle under proper control;

C. In operating **HIS** vehicle in a wanton and reckless manner with no regard for the rights and safety of others;

D. In failing to yield;

E. In failing to see what **HE** should have seen and if having seen, in failing to heed;

F. In failing to stop;

G. In driving **HIS** vehicle into the vehicle operated by Talaishea Vallien, which caused injures to **DIAMOND WILLIAMS;**

H. In failing to maintain control of **HIS** vehicle;

I. In not obeying the traffic laws of the state of Louisiana;

J. Any and all acts of negligence, omissions, and/or legal fault that shall be discovered and shown at the time of this trial, including violations of state and parish traffic regulations and ordinances.

11.

Additionally, the collision described above was caused by the gross and flagrant recklessness, carelessness, negligence, and fault of **AAA COOPER TRANSPORTATION, INC.,** in the following, non-exclusive, particulars, to-wit:

A. In failing to properly train employees on vehicle safety;

B. In failing to properly train employees on operating and maneuvering a commercial vehicle;

C. In failing to employ a safe and competent driver;

D. In failing to properly supervise and instruct its drivers;

E. In negligently hiring and/or maintaining an employee; and

F. Any and all other acts and omissions to be proven through discovery or at the trial of this matter, all of which were in contravention of the exercise of due care and procedure.

12.

Petitioner is informed, believes, and therefore alleges that defendant, **AAA COOPER TRANSPORTATION, INC.,** is vicariously liable for the actions, negligence, and fault of its

3

employee, **ANTONIO C. HALL**, under the theory of *respondeat superior* as codified in La. C.C. art. 2320, where **ANTONIO C. HALL** was working for and within the course and scope of his employment with defendant, **AAA COOPER TRANSPORTATION, INC.**, at the time of the aforementioned accident.

13.

Plaintiff is informed, believes, and therefore alleges, that at the time of the accident **AAA COOPER TRANSPORTATION, INC.**, had a self-insured policy and/or a policy of motor vehicle liability insurance with **ACE AMERICAN INSURANCE COMPANY** insuring against the negligent acts of **AAA COOPER TRANSPORTATION, INC.**, and its employees, namely **ANTONIO C. HALL**, and under the laws of the State of Louisiana, was in full force and effect at the time of the accident and which insurance inures to the benefit of Plaintiff under the provisions of the Louisiana Direct Action Statute, Revised Statute 22:1269.

14.

Plaintiff alleges on information and belief that at the time of the collision described above, the 2013 Volvo tractor operated by **ANTONIO C. HALL** and owned by **AAA COOPER TRANSPORTATION, INC.**, was covered by a self-insured policy through **AAA COOPER TRANSPORTATION, INC.**, and/or through an automobile liability insurance policy with **ACE AMERICAN INSURANCE COMPANY**, which was then in full force and effect by virtue of payment and otherwise.

15.

Plaintiff further alleges on information and belief that under the terms of said policy for self-insurers and/or policy for **ACE AMERICAN INSURANCE COMPANY** and/or **AAA COOPER TRANSPORATION, INC.**, obligated itself to pay any and all damages to others as a result of the negligence of **AAA COOPER TRANSPORTATION, INC.**, and its employees, namely **ANTONIO C. HALL**, operator of said vehicle, covered by said policy at the time of said collision.

16.

**ANTONIO C. HALL, AAA COOPER TRANSPORTATION, INC.**, and/or **ACE AMERICAN INSURANCE COMPANY**, are therefore liable, *in solido*, unto the plaintiff in said collision, which are itemized and set out hereafter.

4

17.

As a result of the combined fault, negligence, and/or strict liability of the defendants in causing the aforementioned accident, Plaintiff, **DIAMOND WILLIAMS**, suffered injuries including, but not limited to the following:

A.  Back pain/injuries;

B.  Neck pain/injuries;

C.  Feet pain/injuries;

D.  Leg pain/injuries;

E.  Arm pain/injuries;

F.  Shoulder pain/injuries;

G.  Head pain/injuries;

H.  2nd and 3rd degree burns; and

I.  Other injuries which will be more fully established at trial.

18.

As a result of the accident sued upon herein, Plaintiff, **DIAMOND WILLIAMS**, suffered the following damages:

A.  Physical pain and suffering - past, present, and future;

B.  Mental pain, anguish, and distress - past, present, and future;

C.  Medical expenses - past, present, and future;

D.  Loss of enjoyment of life - past, present, and future;

E.  Disability- past, present, and future;

F.  Impairment of earning capacity- past, present, and future

G.  Lost wages - past, present, and future: and

H.  Any and all other damages which shall be proven at trial of this matter.

19.

Pursuant to the provisions of the Louisiana Code of Civil Procedure, Article 1423, et sec., the plaintiff is entitled to a certified copy of any insurance policies issued to and/or otherwise insuring **ANTONIO C. HALL** and/or **AAA COOPER TRANSPORTATION, INC.,** for the claims made by Plaintiff herein. Plaintiff herein requests a certified copy of any and all such policies of insurance within thirty (30) days of service of the petition upon them.

20.

The Plaintiff herein, **DIAMOND WILLIAMS**, is therefore entitled to damages for the items set forth above in such amounts as are reasonable in the premises.

**WHEREFORE PLAINTIFF PRAYS** that the defendants be served with a copy of this petition and citation, and after all legal delays and due proceedings had, there be judgment in favor of the Plaintiff, **DIAMOND WILLIAMS**, and against the defendants, **ANTONIO C. HALL, AAA COOPER TRANSPORTATION, INC.,** and **ACE AMERICAN INSURANCE COMPANY,** jointly, severally, and *in solido* for compensatory damages in an amount that will fully and adequately satisfy the demands of justice and equity, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings for any and all additional legal equitable relief which this Honorable Court may deem necessary and proper.

Respectfully Submitted:

**BRAD R. MATTHEWS (#30616)**
**J. Chandler Loupe (#19955)**
Gordon McKernan Injury Attorneys
5656 Hilton Avenue
Baton Rouge, Louisiana 70808
Phone:  (225) 926-1234
Facsimile:  (225) 926-1202

**PLEASE SERVE:**

**AAA COOPER TRANSPORTATION, INC.,** (or an affiliate or subsidiary thereof)
*Through its registered agent for service of process:*
**Registered Agent Solutions, Inc.,**
3867 Plaza Tower Drive, 1st Floor,
Baton Rouge, Louisiana 70816

**ACE AMERICAN INSURANCE COMPANY**
*Through its agent for service of process*
The Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

21st JUDICIAL DISTRICT
PARISH OF LIVINGSTON, LA
A true copy of the original
this ____ 5-17- 20 19
Deputy Clerk of Court

**PLEASE SERVE VIA LOUISIANA LONG ARM STATUTE:**

**ANTONIO C. HALL**
*At his place of residence:*
528 64th St.,
Birmingham, Al 35212

6

21st JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON

STATE OF LOUISIANA

DOCKET NO.:                                              DIV. " "

*163274A*                    DIAMOND WILLIAMS

                                    VERSUS

ANTONIO C. HALL, AAA COOPER TRANSPORTATION, INC. AND
ACE AMERICAN INSURANCE COMPANY

FILED: _____    DY CLERK_____

*********************************************************************

### REQUEST FOR WRITTEN NOTICE OF ANY ASSIGNMENT AND
### WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of

Civil Procedure, you are hereby requested to send to us, Brad Matthews, Gordon McKernan

Injury Attorneys, as counsel for Plaintiff, **DIAMOND WILLIAMS**, in the above captioned

matter, written notice by mail, at least ten (10) days in advance of any date fixed for any trial or

hearing on this case, whether on exception, rules, or on the merits thereof, or any assignment of

fixing of said case.

And in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code

of Civil Procedure, you are hereby also requested to send to us immediately notice of any order

or judgment made or rendered in this case, upon the entry of such order or judgment. This

request for notice is made with full reservation of all rights, and we thank you for your

customary courtesy and cooperation.

Respectfully Submitted:

**BRAD R. MATTHEWS (#30616)**
**J. Chandler Loupe (#19955)**
Gordon McKernan Injury Attorneys
5656 Hilton Avenue
Baton Rouge, Louisiana 70808
Phone: (225) 926-1234
Facsimile: (225) 926-1202

### PLEASE SERVE WITH PETITION

21st JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON

STATE OF LOUISIANA

DOCKET NO.:                                                    DIV. " "

163274 A                    DIAMOND WILLIAMS

                                    VERSUS

ANTONIO C. HALL, AAA COOPER TRANSPORTATION, INC. AND
           ACE AMERICAN INSURANCE COMPANY

**********************************************************************

PLAINTIFF'S FIRST SET OF INTERROGATORIES
PROPOUNDED TO DEFENDANT,
ACE AMERICAN INSURANCE COMPANY

PLEASE TAKE NOTICE that you are hereby notified and required to answer separately,

fully, in writing and under oath, Plaintiff's First set of Interrogatories attached to this notice and

served herewith, and to serve your answers to these Interrogatories on Brad R. Matthews, Gordon

McKernan Injury Attorneys, 5656 Hilton Avenue, Baton Rouge, Louisiana 70808, within thirty

(30) days from service hereof, all as provided by the Louisiana Code of Civil Procedure.

*********************************************************************

    Note:   Plaintiff(s) request that if defendant is going to answer/produce/respond to the

discovery item, then defendant should do so without an objection. Conversely, if defendant

believes that the request is objectionable, plaintiff(s) requests that defendant specify not only the

reason why the discovery item is objectionable, but also specify the details on how it is

objectionable. Plaintiff(s) believes that it may be improper when defendant answers a discovery

item with an objection and also supplies requested information. The reason is because when

defendant lodges an objection, plaintiff(s) is unable to determine whether defendant has produced

all of the information that is potentially responsive to the discovery request; therefore, defendant

may be able to "shelter" discoverable evidence by means of a partial disclosure protected by an

objection.

## DEFINITION AND INSTRUCTIONS

A. "YOU" refers to the person to whom these interrogatories are being directed, his agents and
   attorneys.

B. "DATE IN QUESTION" refers to on or about June 21, 2018.

C. "INCIDENT IN QUESTION" refers to the collision involving Diamond Williams and Antonio C.
   Hall on or about June 21, 2018.

D. "AREA IN QUESTION" refers to the proximate location of the incident in question.

E. "IDENTIFY": In those instances where the word "identify" is used in these requests for discovery, it should be interpreted as requiring, with respect to persons, the person's name, last known address and telephone number. With respect to documents or things, it should be interpreted as requiring sufficient information regarding the item so that the party seeking discovery can locate and identify the object as readily as the party from whom it is being sought.

F. "PERSON OR PERSONS" includes natural persons, partnerships, sole proprietorships, associations, joint venture, and corporations.

G. "DOCUMENTS AND TANGIBLE THINGS" includes but is not limited to, all papers, books, accounts, drawings, graphs, charts, photographs, films, electronic or videotape recordings, DVD's, CD-ROM's, cassette tapes and any other data compilations from which information can be obtained and translated, if necessary.

H. REFERENCE TO DOCUMENTS: In those instances where the responding party chooses to answer a Request for Information by referring to a specific document or record, it is requested that such specification be in such sufficient detail as to permit the requesting party to locate and identify the records and/or documents from which the answer is to be ascertained, as readily as can the party's served with the request.

I. COMPUTER BASED INFORMATION: In those instances where the requested information is stored only on software or other data compilations, the responding party should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include the necessary glossaries, keys and indices for interpretation of the material.

J. SUPPLEMENTATION: To the extent certain requests have been previously answered and those responses were incorrect or incomplete or have since become inaccurate or incomplete, we request that the prior responses be supplemented.

K. DESIGNATED TIME PERIOD: Unless otherwise stated relative to a specific request, the time period applicable to the following requests is from three (3) years prior to and including the date in question, through the date answers are being served.

**INTERROGATORY NUMBER 1:**

Please identify the name and title of the person answering these interrogatories.

**INTERROGATORY NUMBER 2:**

State the last known name and address of the following persons:

a:    all persons that this defendant believes or has been informed witnessed the collision in question in which plaintiff(s) was injured.

b:    all persons who this defendant believes or has been informed may have knowledge of any facts relevant to any aspect of this litigation.

**INTERROGATORY NUMBER 3:**

Identify the following for each person whom you expect to call or may call as an expert witness, and with respect to each person so identified, state:

a)    the name and business address of the expert;

b)    the field of designation of the expert;

c)    the subject matter on which the expert is expected to testify;

2

d)    the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert; and

e)    any and all opinions held by the expert.

**INTERROGATORY NUMBER 4:**

Please give the name, address, and phone number for all witnesses that you intend to use at a trial of this matter and whether they are a fact, damage, rebuttal, or expert witness.

**INTERROGATORY NUMBER 5:**

Please list all exhibits and/or documentary evidence that you plan on introducing at the trial of this matter.

**INTERROGATORY NUMBER 6:**

Please state whether you, your client, or any agent/representative of you or your client have conducted or attempted to conduct any surveillance on plaintiff(s) on or since the date of the accident made the basis of this litigation. This request includes but is not limited to any videotapes, audiotapes, photographs, and/or visual surveillance.

**INTERROGATORY NUMBER 7:**

If the answer to the preceding interrogatory is in the affirmative, please list the name, address, and phone number of the person(s) and/or entity(s) conducting or attempting to conduct the surveillance, the date(s) the surveillance was conducted or attempted to be conducted, and who is in possession of the surveillance at this time.

**INTERROGATORY NUMBER 8:**

Please state the names and addresses of any and all person(s) from whom you, your client, or any agent/representative of you or your client have taken statements regarding the accident made the basis of this lawsuit and the date said statements were taken.

**INTERROGATORY NUMBER 9:**

Please describe to the best of your knowledge how the accident sued upon herein occurred.

**INTERROGATORY NUMBER 10:**

If you allege that the accident made the basis of this lawsuit was caused or created in whole or in part through any act(s) of negligence of the plaintiff(s), please provide a description of the acts of negligence which you contend plaintiff(s) committed, and the facts and details upon which you rely in making these allegations.

3

**INTERROGATORY NUMBER 11:**

If you allege that the accident made the basis of this lawsuit was caused or created in whole or in part through the negligence of any other person, party and/or entity, please provide a description of the acts of negligence which you contend any other person, party and/or entity, committed, and the facts and details upon which you rely in making these allegations.

**INTERROGATORY NUMBER 12:**

If you allege an affirmative defense(s) in your answer to this lawsuit, please provide a general description of each affirmative defense and the facts and details upon which you rely in making each one of these defenses.

**INTERROGATORY NUMBER 13:**

Please identify (BY LISTING EACH) any and all insurance policies, including primary, general, umbrella and/or excess, that this defendant has which **may** be available to satisfy a settlement or judgment of this claim, specifying the insurer, the insured, and the policy limits for each policy identified. **(Please note that this is not a request for production and plaintiff(s) specifically asks that the answering party not refer the answer of this interrogatory to the declaration sheet or policy attached to any requests for production responses.)**

**INTERROGATORY NUMBER 14:**

Please list to the best of your knowledge any and all criminal matters, including but not limited to arrests, pleas, convictions, indictments, etc., that involve plaintiff(s).

**INTERROGATORY NUMBER 15:**

Please list to the best of your knowledge any and all prior injuries, diseases, and/or illnesses suffered by the plaintiff(s) prior to the incident in question.

**INTERROGATORY NUMBER 16:**

If any eye witness (including police or emergency personnel) or other person(s) made any statement relative to the accident or the plaintiff(s) at the scene of the accident or any time thereafter, please identify that person(s) and describe in detail the substance of the statement.

**INTERROGATORY NUMBER 17:**

What was the total amount of property damage to the insured vehicle and who repaired it.

**INTERROGATORY NUMBER 18:**

Please indicate the make and model of the insured vehicle(s), their present location, and ownership. This interrogatory is specifically aimed at the tractor AND the trailer. Also, please indicate if you will voluntarily permit Plaintiff's accident reconstruction expert to inspect said vehicles.

**INTERROGATORY NUMBER 19:**

List any and all traffic violations received by **ANTONIO C. HALL** as a result of the accident and disposition of each.

Respectfully Submitted:

**BRAD R. MATTHEWS (#30616)**
**J. Chandler Loupe (#19955)**
Gordon McKernan Injury Attorneys
5656 Hilton Avenue
Baton Rouge, Louisiana 70808
Phone: (225) 926-1234
Facsimile: (225) 926-1202

**PLEASE SERVE WITH PETITION FOR DAMAGES**

21st JUDICIAL DISTRICT
PARISH OF LIVINGSTON, LA
A true copy of the original
this 5-13 20 19
Deputy Clerk of Court

5

21ˢᵗ JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON

STATE OF LOUISIANA

DOCKET NO.:                                              DIV. " "

DIAMOND WILLIAMS

VERSUS

ANTONIO C. HALL, AAA COOPER TRANSPORTATION, INC. AND
ACE AMERICAN INSURANCE COMPANY

**************************************************************************
**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
PROPOUNDED TO DEFENDANT,
ACE AMERICAN INSURANCE COMPANY**

PLEASE TAKE NOTICE that you are hereby notified and required to answer separately, fully, in writing and under oath, Plaintiff's First set of Requests for Production of Documents attached to this notice and served herewith, and to serve your responses to these requests on Brad R. Matthews, Gordon McKernan Injury Attorneys, 5656 Hilton Avenue, Baton Rouge, Louisiana 70808, within thirty (30) days from service hereof, all as provided by the Louisiana Code of Civil Procedure.

Note: Plaintiff(s) request that if defendant is going to answer/produce/respond to the discovery item, then defendant should do so without an objection. Conversely, if defendant believes that the request is objectionable, plaintiff(s) requests that defendant specify not only the reason why the discovery item is objectionable, but also specify the details on how it is objectionable. Plaintiff(s) believes that it may be improper when defendant answers a discovery item with an objection and also supplies requested information. The reason is because when defendant lodges an objection, plaintiff(s) is unable to determine whether defendant has produced all of the information that is potentially responsive to the discovery request; therefore, defendant may be able to "shelter" discoverable evidence by means of a partial disclosure protected by an objection.

REQUEST FOR PRODUCTION NO.: 1:

True and complete copies of any and all accident reports, investigative reports, and/or incident reports of the accident made the basis of this lawsuit.

6

**REQUEST FOR PRODUCTION NO.:  2:**

True and complete copies of any and all statements made by the plaintiff(s) concerning the subject matter of this suit, including any written statements, tape recordings, video statements and/or transcripts thereof signed or otherwise.

**REQUEST FOR PRODUCTION NO.:  3:**

True and complete copies of any and all statements made by any person concerning the subject matter of this suit including any written statements, tape recordings, and/or transcripts signed or otherwise.

**REQUEST FOR PRODUCTION NO.:  4:**

Any and all photographs and/or videotapes taken in connection with the accident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO.:  5:**

True, complete, and **CERTIFIED** copies of all polices of liability insurance, both primary and excess, relating to insurance coverage for any defendant(s), which was in effect at the time of the occurrence made the basis of this action and/or which may be available to satisfy a judgment or settlement in this case.

**REQUEST FOR PRODUCTION NO.:  6:**

True and complete copies of any and all surveillance material, including but not limited to, investigative reports, photographs, and/or video tape, taken of the plaintiff(s) prior to the trial of this case.

**REQUEST FOR PRODUCTION NO.:  7:**

Any and all expert reports which have been prepared by any expert which has been consulted by the defendant and is expected to testify at the trial of this matter.

**REQUEST FOR PRODUCTION NO.:  8:**

Any and all Curriculum Vitae(s) and/or resume(s) of any and all person(s) who may be used as an expert witness(es) herein.

**REQUEST FOR PRODUCTION NO.:  9:**

True and complete copies of all notes, memoranda, photographs, correspondence, and/or reports prepared by or for any expert witness whom you expect to call to testify at trial.

7

**REQUEST FOR PRODUCTION NO.: 10:**

Please produce any and all information prepared by any expert retained for consultation and whose work product was reviewed by any testifying expert.

**REQUEST FOR PRODUCTION NO.: 11:**

Any and all exhibits which you intend to introduce at the trial of this case, including but not limited to, all demonstrative exhibits, charts, documents, and/or photographic enlargements.

**REQUEST FOR PRODUCTION NO.: 12:**

Any and all medical reports and/or records in your possession concerning Plaintiff(s).

**REQUEST FOR PRODUCTION NO.: 13:**

Any and all indemnification agreements between this defendant and any other persons or entities which have been asserted in this case or which might apply to the claims made by plaintiff(s).

**REQUEST FOR PRODUCTION NO.: 14:**

Please produce any and all criminal records, including but not limited to, arrest reports, warrants, indictments, rap sheets, etc. regarding plaintiff(s).

**REQUEST FOR PRODUCTION NO.: 15:**

Please produce any and all employment records regarding plaintiff(s).

**REQUEST FOR PRODUCTION NO.: 16:**

Any and all indemnification agreements between this defendant and any other persons or entities which have been asserted in this case or which might apply to the claims made by plaintiff(s).

**REQUEST FOR PRODUCTION NO.: 17:**

Any and all reservations of rights signed by this defendant and/or any other party to this lawsuit.

**REQUEST FOR PRODUCTION NO.: 18:**

Any and all notices of any subrogation interests of any party or non-party relating to this matter.

**REQUEST FOR PRODUCTION NO.: 19:**

Any and all documents on prior claims and/or lawsuits of plaintiff(s).

**REQUEST FOR PRODUCTION NO.:  20:**

Any and all documents on prior claims and/or lawsuits of any plaintiff(s) involved in the subject litigation.

**REQUEST FOR PRODUCTION NO.:  21:**

A copy of the repair invoices for any repairs made to any vehicle as a result of this accident.

**REQUEST FOR PRODUCTION NO.:  22:**

Any and all information which can be downloaded from OmniTRAC, Qualcomm, MVPC, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6) months prior to the collision and the day of the collision, for this driver, truck, and trailer.  If this information has not been downloaded, please advise if you will voluntarily permit plaintiff(s) to download said information.

**REQUEST FOR PRODUCTION NO.:  23:**

Any computer data from the tractor or trailer to include but not be limited to: any data and printout from on-board recording devices, including but not limited to the ECM (electronic control module), any on-board computer, tachograph, trip monitor, trip recorder, trip master, Hours of Service (HOS) or other recording or tracking device for the day of the collision and the six (6) month period preceding the collision for the equipment involved in the collision.

Respectfully Submitted:

**BRAD R. MATTHEWS (#30616)**
**J. Chandler Loupe (#19955)**
Gordon McKernan Injury Attorneys
5656 Hilton Avenue
Baton Rouge, Louisiana  70808
Phone:  (225) 926-1234
Facsimile:  (225) 926-1202

**PLEASE SERVE WITH PETITION FOR DAMAGES**

21st JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON

STATE OF LOUISIANA

DOCKET NO.:                                                    DIV. " "

DIAMOND WILLIAMS

VERSUS

ANTONIO C. HALL, AAA COOPER TRANSPORTATION, INC. AND
ACE AMERICAN INSURANCE COMPANY

*************************************************************************

**VERIFICATION**

STATE OF _____

COUNTY/PARISH OF _____

BEFORE ME the undersigned notary public, personally came and appeared

_____, as an authorized corporate representative of **ACE**

**AMERICAN INSURANCE COMPANY**, defendant in the above captioned matter, who after

being duly sworn did state that he/she has read the responses to the First Set of Interrogatories and

Requests for Production of Documents which were propounded upon **ACE AMERICAN**

**INSURANCE COMPANY** by plaintiff, **DIAMOND WILLIAMS** and that said responses are

true to the best of his/her knowledge, information and belief.


_____
ACE AMERICAN INSURANCE COMPANY


Sworn to and subscribed before me, Notary Public, on this _____ day of _____,

2019.


_____
NOTARY PUBLIC

10

21ˢᵗ JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON

STATE OF LOUISIANA

DOCKET NO.:                                              DIV. " "

DIAMOND WILLIAMS

VERSUS

ANTONIO C. HALL, AAA COOPER TRANSPORTATION, INC. AND
ACE AMERICAN INSURANCE COMPANY

********************************************************************************
PLAINTIFF'S FIRST SET OF INTERROGATORIES
PROPOUNDED TO DEFENDANT, ANTONIO C. HALL

PLEASE TAKE NOTICE that you are hereby notified and required to answer separately,

fully, in writing and under oath, Plaintiff's First set of Interrogatories attached to this notice and

served herewith, and to serve your answers to these Interrogatories on Brad R. Matthews, Gordon

McKernan Injury Attorneys, 5656 Hilton Avenue, Baton Rouge, Louisiana 70808, within thirty

(30) days from service hereof, all as provided by the Louisiana Code of Civil Procedure.

Note:    Plaintiff(s) request that if defendant is going to answer/produce/respond to the

discovery item, then defendant should do so without an objection and serve your answers to these

Interrogatories on Gordon McKernan Injury Attorneys, 5656 Hilton Avenue, Baton Rouge,

Louisiana 70808 within thirty (30) days from service hereof, all as provided by the Louisiana Code

of Civil Procedure Article 1428, these interrogatories and requests for production of documents

are deemed to be continuing, and supplementation of all responses is requested as information

changes and/or becomes available.   Conversely, if defendant believes that the request is

objectionable, plaintiff(s) requests that defendant specify not only the reason why the discovery

item is objectionable, but also specify the details on how it is objectionable.  Plaintiff(s) believes

that it may be improper when defendant answers a discovery item with an objection and also

supplies requested information.   The reason is because when defendant lodges an objection,

plaintiff(s) is unable to determine whether defendant has produced all of the information that is

potentially responsive to the discovery request; therefore, defendant may be able to "shelter"

discoverable evidence by means of a partial disclosure protected by an objection.

**DEFINITION AND INSTRUCTIONS**

A.  "YOU" refers to the person to whom these interrogatories are being directed, his agents and
    attorneys.

B.  "DATE IN QUESTION" refers to on or about June 21, 2018.

C. "INCIDENT IN QUESTION" refers to the accident on June 21, 2018 involving Diamond Williams and Antonio C. Hall.

D. "AREA IN QUESTION" refers to the proximate location of the incident in question.

E. "IDENTIFY": In those instances where the word "identify" is used in these requests for discovery, it should be interpreted as requiring, with respect to persons, the person's name, last known address and telephone number. With respect to documents or things, it should be interpreted as requiring sufficient information regarding the item so that the party seeking discovery can locate and identify the object as readily as the party from whom it is being sought.

F. "PERSON OR PERSONS" includes natural persons, partnerships, sole proprietorships, associations, joint venture, and corporations.

G. "DOCUMENTS AND TANGIBLE THINGS" includes but is not limited to, all papers, books, accounts, drawings, graphs, charts, photographs, films, electronic or videotape recordings, DVD's, CD-ROM's, cassette tapes and any other data compilations from which information can be obtained and translated, if necessary.

H. REFERENCE TO DOCUMENTS: In those instances where the responding party chooses to answer a Request for Information by referring to a specific document or record, it is requested that such specification be in such sufficient detail as to permit the requesting party to locate and identify the records and/or documents from which the answer is to be ascertained, as readily as can the party served with the request.

I. COMPUTER BASED INFORMATION: In those instances where the requested information is stored only on software or other data compilations, the responding party should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include the necessary glossaries, keys and indices for interpretation of the material.

J. SUPPLEMENTATION: To the extent certain requests have been previously answered and those responses were incorrect or incomplete or have since become inaccurate or incomplete, we request that the prior responses be supplemented.

K. DESIGNATED TIME PERIOD: Unless otherwise stated relative to a specific request, the time period applicable to the following requests is from three (3) years prior to and including the date in question, through the date answers are being served.

**INTERROGATORY NUMBER 1:**

Please identify the name and title of the person answering these interrogatories.

**INTERROGATORY NUMBER 2:**

State the last known name and address of the following persons:

a:    all persons that this defendant believes or has been informed witnessed the accident in question.

b:    all persons who this defendant believes or has been informed may have knowledge of any facts relevant to any aspect of this litigation.

**INTERROGATORY NUMBER 3:**

Identify the following for each person whom you have consulted with, expect to call or may call as an expert witness, and with respect to each person so identified, state:

a)    the name and business address of the expert.

b)    the field of designation of the expert.

c)    the subject matter on which the expert is expected to testify.

d)    the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert.

e)    list of all of the information which has been provided to the expert.

f)    any and all opinions held by the expert.

**INTERROGATORY NUMBER 4:**

Please give the name, address, and phone number for all witnesses that you intend to use at a trial of this matter and whether they are a fact, damage, rebuttal, or expert witness.

**INTERROGATORY NUMBER 5:**

Please list all exhibits and/or documentary evidence that you plan on introducing at the trial of this matter.

**INTERROGATORY NUMBER 6:**

Please list the name, address, and phone number of the person(s) and/or entity(s) who have conducted or attempted to conduct any surveillance on plaintiff(s) on or since the date of the accident made the basis of this litigation.  This request includes but is not limited to any videotapes, audiotapes, photographs, and/or visual surveillance.

**INTERROGATORY NUMBER 7:**

Please state the names and addresses of any and all person(s) from whom you, your client, or any agent/representative of you or your client have taken statements regarding the accident made the basis of this lawsuit and the date said statements were taken.

**INTERROGATORY NUMBER 8:**

Please describe to the best of your knowledge how the accident sued upon herein occurred.

**INTERROGATORY NUMBER 9:**

If you allege that the accident made the basis of this lawsuit was caused or created in whole or in part through any act(s) of negligence of the plaintiff(s), please provide a description of the acts of negligence which you contend plaintiff(s) committed, and the facts and details upon which you rely in making these allegations.

3

**INTERROGATORY NUMBER 10:**

Please identify (BY LISTING EACH) any and all insurance policies, including primary, general, umbrella and/or excess, that this defendant has which **may** be available to satisfy a settlement or judgment of this claim, specifying the insurer, the insured, and the policy limits for each policy identified. **(Please note that this is not a request for production and plaintiff specifically asks that the answering party not refer the answer of this interrogatory to the declaration sheet or policy attached to any requests for production responses.)**

**INTERROGATORY NUMBER 11:**

Please describe your employment history over the last ten (10) years (giving approximate dates of employment), including, employer, name of immediate supervisor, type of work performed, and reason for termination.

**INTERROGATORY NUMBER 12:**

Please provide the following:

    (a)    current home address and telephone number;

    (b)    driver's license number and State of issue;

    (c)    social security number; and,

    (d)    place of employment, employer's address, and employer's telephone number.

**INTERROGATORY NUMBER 13:**

Please state, in detail, where you were traveling to/from on the date of the accident.

**INTERROGATORY NUMBER 14:**

Have you ever had your motor vehicle operator's license revoked, suspended, or withdrawn by any licensing authorities? If so, please give the reasons therefore, including the date of each offense and the state issuing each.

**INTERROGATORY NUMBER 15:**

Describe any and all criminal arrests and/or charges you have received, including the nature of the charge, date, and disposition of each offense.

**INTERROGATORY NUMBER 16:**

Please state whether you have been involved in any motor vehicle collision(s) within the last five (5) years? If so, give details as to where and when such accident(s) occurred.

**INTERROGATORY NUMBER 17:**

Please list all traffic tickets/citations received by you within the last five (5) years.

**INTERROGATORY NUMBER 18:**

Please list and describe if you currently suffer, or have ever suffered from the following conditions:

a)   loss of limb, impairment of hand(s) or finger(s), limb defect(s) or limb limitations of any nature;

b)   any past and/or present medical history or clinical diagnosis of diabetes requiring insulin treatment;

c)   any past and/or present diagnosis of any cardiovascular or respiratory disease or symptom;

d)   any past and/or present symptom or diagnosis of high blood pressure;

e)   any past and/or present symptom or diagnosis of any orthopedic, neuromuscular or vascular diseases;

f)   any past or present symptom or diagnosis of epilepsy or any instance of seizure;

g)   any past and/or present symptom or diagnosis of any psychiatric, mental or nervous disorder;

h)   any past and/or present symptom or diagnosis of alcoholism or alcohol abuse; and

i)   Any past and/or present symptom of hearing impairment.

**INTERROGATORY NUMBER 19:**

Please state whether you have ever been prescribed any corrective vision lenses.  If so, state the name, address and telephone number of the examiner for your last eye examination as well as the date of such eye examination, and the measure of your visual acuity both uncorrected and corrected.

**INTERROGATORY NUMBER 20**

Please list all prescriptions medications, whether you were taking the medication or not, which you held a prescription for on the date of the sued upon collision.

**INTERROGATORY NUMBER 21:**

Please state whether you had consumed any alcoholic beverage or any type of drug (prescription or otherwise) within 24 hours of the accident in question. Identify the substance/product, the time, date and amount of consumption.

**INTERROGATORY NUMBER 22:**

Please provide the phone number to all cell phones that were in your possession on the date of the sued upon collision, as well as the name of the cellular carrier.

**INTERROGATORY NUMBER 23:**

Please provide the name, address, and phone number of all persons who were passengers in your vehicle at the time of the sued upon collision.

Respectfully Submitted:

**BRAD R. MATTHEWS (#30616)**
**J. Chandler Loupe (#19955)**
Gordon McKernan Injury Attorneys
5656 Hilton Avenue
Baton Rouge, Louisiana 70808
Phone: (225) 926-1234
Facsimile: (225) 926-1202

**PLEASE SERVE WITH PETITION FOR DAMAGES**

21st JUDICIAL DISTRICT
PARISH OF LIVINGSTON, LA
A true copy of the original
this _____ 20 19
Deputy Clerk of Court

6

21st JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON

STATE OF LOUISIANA

DOCKET NO.:                                          DIV. " "

DIAMOND WILLIAMS

VERSUS

ANTONIO C. HALL, AAA COOPER TRANSPORTATION, INC. AND
ACE AMERICAN INSURANCE COMPANY

**************************************************************************

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
PROPOUNDED TO DEFENDANT, ANTONIO C. HALL**

PLEASE TAKE NOTICE that you are hereby notified and required to answer separately, fully, in writing and under oath, Plaintiff's First set of Requests for Production of Documents attached to this notice and served herewith, and to serve your responses to these requests on Brad R. Matthews, Gordon McKernan Injury Attorneys, 5656 Hilton Avenue, Baton Rouge, Louisiana 70808, within thirty (30) days from service hereof, all as provided by the Louisiana Code of Civil Procedure.

Note:  Plaintiff(s) request that if defendant is going to answer/produce/respond to the discovery item, then defendant should do so without an objection and serve your answers to these Requests for Production of Documents on Gordon McKernan Injury Attorneys, 5656 Hilton Avenue, Baton Rouge, Louisiana 70808, within thirty (30) days from service hereof, all as provided by the Louisiana Code of Civil Procedure Article 1428, these interrogatories and requests for production of documents are deemed to be continuing, and supplementation of all responses is requested as information changes and/or becomes available.  Conversely, if defendant believes that the request is objectionable, plaintiff(s) requests that defendant specify not only the reason why the discovery item is objectionable, but also specify the details on how it is objectionable. Plaintiff(s) believes that it may be improper when defendant answers a discovery item with an objection and also supplies requested information.  The reason is because when defendant lodges an objection, plaintiff(s) is unable to determine whether defendant has produced all of the information that is potentially responsive to the discovery request; therefore, defendant may be able to "shelter" discoverable evidence by means of a partial disclosure protected by an objection.

7

**REQUEST FOR PRODUCTION NUMBER 1:**

True and complete copies of any and all accident reports, investigative reports, and/or incident reports of the accident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NUMBER 2:**

True and complete copies of any and all statements made by the plaintiff(s) concerning the subject matter of this suit, including any written statements, tape recordings, video statements and/or transcripts thereof signed or otherwise.

**REQUEST FOR PRODUCTION NUMBER 3:**

True and complete copies of any and all statements made by any person concerning the subject matter of this suit including any written statements, tape recordings, and/or transcripts signed or otherwise.

**REQUEST FOR PRODUCTION NUMBER 4:**

Any and all photographs and/or videotapes taken in connection with the accident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NUMBER 5:**

True, complete, and **CERTIFIED** copies of all polices of liability insurance, both primary and excess, relating to insurance coverage for **ANTONIO C. HALL,** which was in effect at the time of the occurrence made the basis of this action and/or which may be available to satisfy a judgment or settlement in this case.

**REQUEST FOR PRODUCTION NUMBER 6:**

True and complete copies of any and all surveillance material, including but not limited to, investigative reports, photographs, and/or video tape, taken of the plaintiff(s) prior to the trial of this case.

**REQUEST FOR PRODUCTION NUMBER 7:**

Any and all expert reports which have been prepared by any expert which has been consulted by the defendant.

**REQUEST FOR PRODUCTION NUMBER 8:**

Any and all Curriculum Vitae(s) and/or resume(s) of any and all person(s) who may be used as an expert witness (es) herein.

8

**REQUEST FOR PRODUCTION NUMBER 9:**

True and complete copies of all notes, memorandums, documents, photographs, correspondence, and/or reports that were provided to any expert witness **AND** any notes, memorandums, documents, photographs, correspondence and/or reports prepared by any expert witnesses.

**REQUEST FOR PRODUCTION NUMBER 10:**

Please produce any and all information prepared by any expert retained for consultation and whose work product was reviewed by any expert whom you may call to testify at trial.

**REQUEST FOR PRODUCTION NUMBER 11:**

Any and all exhibits which you intend to introduce at the trial of this case, including but not limited to, all demonstrative exhibits, charts, documents, and/or photographic enlargements.

**REQUEST FOR PRODUCTION NUMBER 12:**

Any and all medical reports and/or records in your possession concerning plaintiff(s), including any reports generated in connection with the plaintiff(s) undergoing an IME.

**REQUEST FOR PRODUCTION NUMBER 13:**

Any and all pre-employment physical examinations, for any time preceding the date of this accident concerning plaintiff(s).

**REQUEST FOR PRODUCTION NUMBER 14:**

Please produce any and all criminal records, including but not limited to, arrest reports, warrants, indictments, rap sheets, etc. regarding **ANTONIO C. HALL**.

**REQUEST FOR PRODUCTION NUMBER 15:**

Please produce any and all employment records regarding plaintiff(s).

**REQUEST FOR PRODUCTION NUMBER 16:**

Any and all indemnification agreements between **ANTONIO C. HALL** and any other persons or entities which have been asserted in this case or which might apply to the claims made by plaintiff.

**REQUEST FOR PRODUCTION NUMBER 17:**

Any and all reservations of rights signed by **ANTONIO C. HALL** and/or any other party to this lawsuit.

9

**REQUEST FOR PRODUCTION NUMBER 18:**

Any and all notices of any subrogation interests of any party or non-party relating to this matter.

**REQUEST FOR PRODUCTION NUMBER 19:**

Any and all documents on prior claims and/or lawsuits of plaintiff(s).

**REQUEST FOR PRODUCTION NUMBER 20:**

True and complete copies of all photographs of the vehicles involved in the subject collision, taken both before and after the accident.

**REQUEST FOR PRODUCTION NUMBER 21:**

A copy of any damage appraisal made on any vehicle involved in the subject collision.

**REQUEST FOR PRODUCTION NUMBER 22:**

A copy of all repair invoices of the vehicles involved in the subject collision.

**REQUEST FOR PRODUCTION NUMBER 23:**

True and complete copies of all drawings, maps, and/or sketches of the scene of the accident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NUMBER 24:**

Please sign and return the attached Authorization for Release of Employment Records.

**REQUEST FOR PRODUCTION NUMBER 25:**

Please sign and return the attached Authorization for Release of Protected Health Information. This request for production is made in order to verify compliance with the Federal Motor Carrier Safety Regulations.

**REQUEST FOR PRODUCTION NUMBER 26:**

Any and all documents received in response to a subpoena.

Respectfully Submitted:

**BRAD R. MATTHEWS (#30616)**
**J. Chandler Loupe (#19955)**
Gordon McKernan Injury Attorneys
5656 Hilton Avenue
Baton Rouge, Louisiana 70808
Phone:  (225) 926-1234
Facsimile:  (225) 926-1202

**PLEASE SERVE WITH PETITION FOR DAMAGES**

10

21st JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON

STATE OF LOUISIANA

DOCKET NO.:                                                    DIV. " "

DIAMOND WILLIAMS

VERSUS

ANTONIO C. HALL, AAA COOPER TRANSPORTATION, INC. AND
ACE AMERICAN INSURANCE COMPANY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

VERIFICATION

STATE OF _____

COUNTY/PARISH OF _____

BEFORE ME the undersigned notary public, personally came and appeared

ANTONIO C. HALL,

defendant in the above captioned matter, who after being duly sworn did state that he has read

the responses to the First Set of Interrogatories and Requests for Production of Documents

which were propounded upon him by Plaintiff, DIAMOND WILLIAMS, and that said

responses are true to the best of his knowledge, information and belief.

_____
ANTONIO C. HALL

Sworn to and subscribed before me, Notary Public, on this ____ day of _____,

2019.

_____
NOTARY PUBLIC

11

21ˢᵗ JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON

STATE OF LOUISIANA

DOCKET NO.:                                                    DIV.

DIAMOND WILLIAMS

VERSUS

ANTONIO C. HALL, AAA COOPER TRANSPORTATION, INC. AND
ACE AMERICAN INSURANCE COMPANY

*************************************************************************
## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## PROPOUNDED TO DEFENDANT, AAA COOPER TRANSPORTATION, INC.

**PLEASE TAKE NOTICE** that you are hereby notified and required to answer separately,

fully, in writing and under oath, Plaintiff's First set of Interrogatories attached to this notice and

served herewith, and to serve your answers to these Interrogatories on Brad R. Matthews, Gordon

McKernan Injury Attorneys, 5656 Hilton Avenue, Baton Rouge, Louisiana 70808, within thirty

(30) days from service hereof, all as provided by the Louisiana Code of Civil Procedure.

**Note:**   Plaintiff(s) request that if defendant is going to answer/produce/respond to the

discovery item, then defendant should do so without an objection.   Conversely, if defendant

believes that the request is objectionable, plaintiff(s) requests that defendant specify not only the

reason why the discovery item is objectionable, but also specify the details on how it is

objectionable.   Plaintiff(s) believes that it may be improper when defendant answers a discovery

item with an objection and also supplies requested information.   The reason is because when

defendant lodges an objection, plaintiff(s) is unable to determine whether defendant has produced

all of the information that is potentially responsive to the discovery request; therefore, defendant

may be able to "shelter" discoverable evidence by means of a partial disclosure protected by an

objection.

## DEFINITION AND INSTRUCTION

A. "YOU" refers to the person to whom these interrogatories are being directed, his agents and
attorneys.

B. "DATE IN QUESTION" refers to on or about June 21, 2018.

C. "INCIDENT IN QUESTION" refers to the accident on June 21, 2018 involving Diamond
Williams and Antonio C. Hall.

D. "AREA IN QUESTION" refers to the proximate location of the incident in question.

E. "IDENTIFY":   In those instances where the word "identify" is used in these requests for
discovery, it should be interpreted as requiring, with respect to persons, the person's name, last

known address and telephone number. With respect to <u>documents or things</u>, it should be interpreted as requiring sufficient information regarding the item so that the party seeking discovery can locate and identify the object as readily as the party from whom it is being sought.

F. "PERSON OR PERSONS" includes natural persons, partnerships, sole proprietorships, associations, joint venture, and corporations.

G. "DOCUMENTS AND TANGIBLE THINGS" includes but is not limited to, all papers, books, accounts, drawings, graphs, charts, photographs, films, electronic or videotape recordings, DVD's, CD-ROM's, cassette tapes and any other data compilations from which information can be obtained and translated, if necessary.

H. REFERENCE TO DOCUMENTS: In those instances where the responding party chooses to answer a Request for Information by referring to a specific document or record, it is requested that such specification be in such sufficient detail as to permit the requesting party to locate and identify the records and/or documents from which the answer is to be ascertained, as readily as can the party served with the request.

I. COMPUTER BASED INFORMATION: In those instances where the requested information is stored only on software or other data compilations, the responding party should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include the necessary glossaries, keys and indices for interpretation of the material.

J. SUPPLEMENTATION: To the extent certain requests have been previously answered and those responses were incorrect or incomplete or have since become inaccurate or incomplete, we request that the prior responses be supplemented.

K. DESIGNATED TIME PERIOD: Unless otherwise stated relative to a specific request, the time period applicable to the following requests is from three (3) years prior to and including the date in question, through the date answers are being served.

**INTERROGATORY NO.: 1:**

Please identify the name and title of the person answering these interrogatories.

**INTERROGATORY NO.: 2:**

State the last known name and address of the following persons:

a. All persons that this defendant believes or has been informed witnessed the accident in question.

b. All persons who this defendant believes or has been informed may have knowledge of any facts relevant to any aspect of this litigation.

**INTERROGATORY NO.: 3:**

Identify the following for each person whom you have consulted with or expect to call or may call as an expert witness, and with respect to each person so identified, state:

a. The name and business address of the expert.

b. The field of designation of the expert.

c. The subject matter on which the expert is expected to testify.

      d: The facts known to the expert (regardless of when the factual information was acquired) which related to or form the basis of the mental impressions and opinions held by the expert.

      e. Any and all opinions held by the expert.

**INTERROGATORY NO.: 4:**

Please give the name, address, and phone number for all witnesses that you intend to use at a trial of this matter and whether they are a fact, damage, rebuttal or expert witness.

**INTERROGATORY NO.: 5:**

Please list all exhibits and/or documentary evidence that you plan on introducing at the trial of this matter.

**INTERROGATORY NO.: 6:**

Please state whether you, your client, or an agent/representative of you or your client have conducted or attempted to conduct any surveillance on plaintiff(s) on or since the date of the accident made the basis of this litigation. This request includes but is not limited to any videotapes, audiotapes, photographs, and/or visual surveillance.

**INTERROGATORY NO.: 7:**

If the answer to the preceding interrogatory is in the affirmative, please list the name, address, and phone number of the person(s) and/or entity(s) conducting or attempting to conduct the surveillance, the date(s) the surveillance was conducted or attempted to be conducted, and who is in possession of the surveillance at this time.

**INTERROGATORY NO.: 8:**

Please state the names and address of any and all person(s) from whom you, your client, or any agent/representative of you or your client have taken statements regarding the accident made the basis of this lawsuit and the date said statements were taken.

**INTERROGATORY NO.: 9:**

Please describe to the best of your knowledge how the accident sued upon herein occurred.

**INTERROGATORY NO.: 10:**

If you allege that the accident made the basis of this lawsuit was caused or created in whole or in part through any act(s) of negligence of the plaintiff(s), please provide a description of the acts of negligence which you contend plaintiff(s) committed, and the facts and details upon which you rely in making these allegations.

**INTERROGATORY NO.: 11:**

If you allege that the accident made the basis of this lawsuit was caused or created in whole or in part through the negligence of any other person, party and/or entity, please provide a description of the acts of negligence which you contend any other person, party and/or entity, committed, and the facts and details upon which you rely in making these allegations.

**INTERROGATORY NO.: 12:**

If you allege an affirmative defense(s) in your answer to this lawsuit, please provide a general description of each affirmative defense and the facts and details upon which you rely in making each one of these defenses.

**INTERROGATORY NO.: 13:**

Please identify (BY LISTING EACH) any and all insurance policies, including primary, general, umbrella and/or excess, that this defendant has which **may** be available to satisfy a settlement or judgment of this claim, specifying the insurer, the insured, and the policy limits for each policy identified. **(Please note that this is not a request of production and plaintiff(s) specifically asks that the answering party not refer to the answer of this interrogatory to the declaration sheet or policy attached to any request for production responses.)**

**INTERROGATORY NO.: 14:**

Please list to the best of your knowledge any and all criminal matters, including but not limited to arrests, pleas, convictions, indictments, etc., that involved **ANTONIO C HALL.**

**INTERROGATORY NO.: 15:**

Please list to the best of your knowledge any and all prior injuries, diseases, and/or illnesses suffered by the plaintiff(s) prior to the incident in question.

**INTERROGATORY NO.: 16:**

Please list the names and addresses of all places of employment in which **ANTONIO C. HALL** worked for a period of ten (10) years prior to the accident in question.

**INTERROGATORY NO.: 17:**

Please provide the following for defendant, **ANTONIO C. HALL:**

a.  Current home address and telephone number;

b.  Current physical address;

c.  Driver's license number and State of issue;

4

d. Social security number; and,

e. Place of employment, employer's address and employer's telephone number.

**INTERROGATORY NO.: 18:**

Please state, in detail, where **ANTONIO C. HALL** was traveling to/from on the date of incident.

**INTERROGATORY NO.: 19:**

Has **ANTONIO C. HALL** ever had his motor vehicle operator's license revoked, suspended, or withdrawn by any licensing authorities? If so, please give the reasons therefore, including the date of each offense and the state issuing each.

**INTERROGATORY NO.: 20:**

Please state whether **ANTONIO C. HALL** was self-employed or subcontracted and your employer/employee relationship.

**INTERROGATORY NO.: 21:**

Please state whether **ANTONIO C. HALL** was driving alone or with a co-driver at the time of the subject collision.

**INTERROGATORY NO.: 22:**

Please state whether **ANTONIO C. HALL** has been involved in any motor vehicle collision(s) within the last five (5) years? If so, give details as to where and when such accident(s) occurred.

**INTERROGATORY NO.: 23:**

Please describe **ANTONIO C. HALL'S** employment history over the last ten (10) years (giving approximate dates of employment), including, employer, name of immediate supervisor, type of work performed, and reason for termination.

**INTERROGATORY NO.: 24:**

Please list all traffic tickets received by **ANTONIO C. HALL** within the last five (5) years.

**INTERROGATORY NO.: 25:**

Please list the dates of any and all DOT inspections/audit's which have been performed on this company and the results of same.

Respectfully Submitted:

BRAD R. MATTHEWS (#30616)
J. Chandler Loupe (#19955)
Gordon McKernan Injury Attorneys
5656 Hilton Avenue
Baton Rouge, Louisiana  70808
Phone:  (225) 926-1234
Facsimile:  (225) 926-1202

**PLEASE SERVE WITH PETITION FOR DAMAGES**

21St JUDICIAL DISTRICT
PARISH OF LIVINGSTON, LA
A true copy of the original
this _____ 20___
_____
Deputy Clerk of Court

6

21st JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON

STATE OF LOUISIANA

DOCKET NO.:                                                     DIV.:

DIAMOND WILLIAMS

VERSUS

ANTONIO C. HALL, AAA COOPER TRANSPORTATION, INC. AND
ACE AMERICAN INSURANCE COMPANY

*************************************************************************
## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
## PROPOUNDED TO DEFENDANT, AAA COOPER TRANSPORTATION, INC.

PLEASE TAKE NOTICE that you are hereby notified and required to answer separately, fully, in writing and under oath, Plaintiff's First Set of Requests for Production of Documents attached to this notice and served herewith, and to serve your answers to these requests interrogatories on Brad R. Matthews, Gordon McKernan Injury Attorneys, 5656 Hilton Avenue, Baton Rouge, Louisiana 70808, within thirty (30) days from service hereof, all as provided by the Louisiana Code of Civil Procedure.

*************************************************************************

Note:   Plaintiff(s) request that if defendant is going to answer/produce/respond to the discovery item, then defendant should do so without an objection. Conversely, if defendant believes that the request is objectionable, plaintiff(s) requests that defendant specify not only the reason why the discovery item is objectionable, but also specify the details on how it is objectionable. Plaintiff(s) believes that it may be improper when defendant answers a discovery item with an objection and also supplies requested information. The reason is because when defendant lodges an objection, plaintiff(s) is unable to determine whether defendant has produced all of the information that is potentially responsive to the discovery request; therefore, defendant may be able to "shelter" discoverable evidence by means of a partial disclosure protected by an objection.

## REQUEST FOR PRODUCTION NO.: 1:

True and complete copies of any and all accident reports, investigative reports, and/or incident reports of the accident made the basis of this lawsuit. This request specifically includes

7

the **AAA COOPER TRANSPORTATION, INC.** accident/incident report made in connection with the incident.

**REQUEST FOR PRODUCTION NO.: 2:**

True and complete copies of any and all statements made by the plaintiff(s) concerning the subject matter of this suit, including any written statements, tape recordings, video statements and/or transcripts thereof signed or otherwise.

**REQUEST FOR PRODUCTION NO.: 3:**

True and complete copies of any and all statements made by any person concerning the subject matter of this suit including any written statements, tape recordings, and/or transcripts signed or otherwise.

**REQUEST FOR PRODUCTION NO.: 4:**

Please produce a copy of all photographs, video, computer generated media, or other recordings of the interior and exterior of vehicles involved in this collision, the collision scene, the occurrence, or relating to any equipment or things originally located at or near the site of the occurrence.

**REQUEST FOR PRODUCTION NO.: 5:**

True and complete copies of all photographs of the tractor and trailer involved in the subject collision, taken both before and after the accident.

**REQUEST FOR PRODUCTION NO.: 6:**

True, complete, and **CERTIFIED** copies of all polices of liability insurance, both primary and excess, relating to insurance coverage for **AAA COOPER TRANSPORTATION, INC.** which were in effect at the time of the occurrence made the basis of this action and/or which may be available to satisfy a judgment or settlement in this case.

**REQUEST FOR PRODUCTION NO.: 7:**

True and complete copies of any and all surveillance material, including but not limited to, investigative reports, color photographs, and/or video tape, taken of the plaintiff(s) prior to the trial of this case.

**REQUEST FOR PRODUCTION NO.: 8:**

Any and all expert reports which have been prepared by any expert which has been consulted by the defendant.

**REQUEST FOR PRODUCTION NO.: 9:**

Any and all Curriculum Vitae(s) and/or resume(s) of any and all person(s) who have been consulted as an expert witness(es) herein.

**REQUEST FOR PRODUCTION NO.: 10:**

True and complete copies of all notes, memoranda, photographs, correspondence, and/or reports prepared by or for any expert witness whom you have consulted with and/or may call to testify at trial.

**REQUEST FOR PRODUCTION NO.: 11:**

Please produce any and all information prepared by any expert retained for consultation and whose work product was reviewed by any expert whom you may call to testify at trial.

**REQUEST FOR PRODUCTION NO.: 12:**

Any and all exhibits which you intend to introduce at the trial of this case, including but not limited to, all demonstrative exhibits, charts, documents, and/or photographic enlargements.

**REQUEST FOR PRODUCTION NO.: 13:**

Any and all medical reports and/or records in your possession concerning, Plaintiff(s).

**REQUEST FOR PRODUCTION NO.: 14:**

Please provide any and all medical records from any physician, clinic, and/or hospital that has rendered medical treatment in the last ten (10) years to **ANTONIO C. HALL** for any illness or condition whatsoever.

**REQUEST FOR PRODUCTION NO.: 15:**

Any and all pre-employment physical examinations, for any time preceding the date of this accident concerning **ANTONIO C. HALL**.

**REQUEST FOR PRODUCTION NO.: 16:**

Please produce any and all criminal records, including but not limited to, arrest reports, warrants, indictments, rap sheets, etc. regarding **ANTONIO C. HALL**.

**REQUEST FOR PRODUCTION NO.: 17:**

Please produce any and all employment records regarding **ANTONIO C. HALL**.

**REQUEST FOR PRODUCTION NO.: 18:**

Please produce a copy of **ANTONIO C. HALL'S** complete driver qualification file, as required by 49 C.F.R. 391.51, including but not limited to:

9

a)   Application for employment

b)   CDL license

c)   Driver's certification of prior traffic violations

d)   Driver's certification of prior collisions

e)   Driver's employment history

f)   Pre-employment MVR

g)   Annual MVR

h)   Annual review of driver history

i)   Certification of road test

j)   Medical examiner's certificate

k)   HAZMAT or other training documents

l)   All drug and alcohol testing records of the driver

m)   All inquiries and responses regarding the driver's employment history

**REQUEST FOR PRODUCTION NO.: 19:**

The complete personnel file on **ANTONIO C. HALL,** including but not limited to:

a)   Records of any criminal convictions;

b)   Records of all traffic tickets, traffic warnings, traffic citations or traffic charges;

c)   Results of any drug examination or screening of **ANTONIO C. HALL**;

d)   All disciplinary or infraction records on **ANTONIO C. HALL**;

e)   All pre-employment examinations of **ANTONIO C. HALL,** both physical and mental;

f)   A copy of any contract of employment or any document that would govern any relationship with any party or bear on the issue of employment;

g)   Any other documents, records or other information relating to the employment-relationship between **AAA COOPER TRANSPORTATION, INC.;** and

h)   Any other records indicating any past wrecks involving **ANTONIO C. HALL.**

**REQUEST FOR PRODUCTION NO.: 20:**

Any    and    all    indemnification    agreements    between    **AAA    COOPER TRANSPORTATION, INC.,** and any other persons or entities which have been asserted in this case or which might apply to the claims made by plaintiff(s).

10

**REQUEST FOR PRODUCTION NO.: 21:**

Any and all reservations of rights received by **AAA COOPER TRANSPORTATION, INC.**, and/or any other party to this lawsuit.

**REQUEST FOR PRODUCTION NO.: 22:**

Any and all notices of any subrogation interests of any party or non-party relating to this matter.

**REQUEST FOR PRODUCTION NO.: 23:**

Any and all documents on prior claims and/or lawsuits of **AAA COOPER TRANSPORTATION, INC.**

**REQUEST FOR PRODUCTION NO.: 24:**

Please produce copies of any and all records reflecting the following:

    a.    Make, model, year, and registration of the tractor and trailer in question; and

    b.    Name and address of the owner of the tractor and trailer in question (both as of the date of the accident and today's date).

**REQUEST FOR PRODUCTION NO.: 25:**

A copy of all damage appraisals made on the vehicles involved in the incident in question.

**REQUEST FOR PRODUCTION NO.: 26:**

A copy of all repair invoices of the vehicles involved in the incident in question.

**REQUEST FOR PRODUCTION NO.: 27:**

True and complete copies of all drawings, maps, and/or sketches of the scene of the accident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO.: 28:**

Any and all rules, regulations, and guidelines pertaining to driving for employees of **AAA COOPER TRANSPORTATION, INC.**, which were in effect at the time of the accident.

**REQUEST FOR PRODUCTION NO.: 29:**

Please produce a copy of any driver manuals, guidelines, rules or regulations given to drivers such as the one involved in this collision.

**REQUEST FOR PRODUCTION NO.: 30:**

11

A copy of any and all manuals, procedures, guidelines, rules, safety tips, advisories, safety training, documents, drawings, writings, notes and/or memorandums concerning **AAA COOPER TRANSPORTATION, INC.,** training/instructions of its drivers at the time of the accident.

**REQUEST FOR PRODUCTION NO.: 31:**

A copy of any document retention policy of **AAA COOPER TRANSPORTATION, INC.,** regarding employment history, drug screens/physicals, medical records, driving logs, trips, tickets, accidents, employee reprimands and lawsuits or claims made against a driver, including the defendant driver.

**REQUEST FOR PRODUCTION NO.: 32:**

Please produce a copy of all written policies and procedures pertaining to disciplinary action applicable to any driver found to be at fault in an accident or issued a moving violation while on duty with your company.

**REQUEST FOR PRODUCTION NO.: 33:**

Please produce a copy of all written policies and procedures utilized by you to investigate vehicular accidents involving your on-duty employees/drivers.

**REQUEST FOR PRODUCTION NO.: 34:**

Please produce a copy of **ANTONIO C. HALL'S** post-collision alcohol and drug testing results.

**REQUEST FOR PRODUCTION NO.: 35:**

Please produce a copy of all documents you were required by State or Federal law to maintain in the vehicle involved in the subject accident, including, but not limited to logs, medical examiners certificate, driver's license and any other required license(s), registration, proof of insurance, etc.

**REQUEST FOR PRODUCTION NO.: 36:**

Please produce a copy of all bills of lading for any shipments transported by **ANTONIO C. HALL** and/or co-driver, for the day of the collision and the thirty (30) day period preceding the collision.

**REQUEST FOR PRODUCTION NO.: 37:**

Please produce a copy of any oversized permits or other applicable permits or licenses covering the vehicle or load on the day of the collision.

**REQUEST FOR PRODUCTION NO.: 38:**

Please produce a copy of the front and back of **ANTONIO C. HALL'S** daily logs and his co-driver's logs (if any) for the day of the collision, and the six-month period preceding the collision, together with all material required by 49 C.F.R. 395.8 and 395.15 for the driver(s) involved in the above matter together with the results of any computer program used to check logs as well as all results of any audit of the logs by your company or a third party. This specifically includes any electric on board computers (AOBRD's, EOBR's, etc…) and the audit trail for those entries.

**REQUEST FOR PRODUCTION NO.: 39:**

Please produce a copy of all existing driver vehicle inspection reports required under 49 C.F.R. 396.11 for the vehicle involved in the above collision, to include all existing daily inspection reports for the tractor and trailer involved in the subject collision.

**REQUEST FOR PRODUCTION NO.: 40:**

Please produce a copy of all existing maintenance, inspection and repair records or work orders on the tractor and trailer involved in the subject collision.

**REQUEST FOR PRODUCTION NO.: 41:**

Please produce a copy of all annual inspection reports for the tractor and trailer involved in the subject collision, covering the date of the collision.

**REQUEST FOR PRODUCTION NO.: 42:**

Please produce a copy of the accident register maintained by the motor carrier as required by federal law for the one (1) year period preceding this collision. (FMCSR 390.15)

**REQUEST FOR PRODUCTION NO.: 43:**

Please produce a copy of all OmniTRAC, Qualcomm, MVPC, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6) months prior to the collision and the day of the collision, for Antonio C. Hall, as well as the tractor and trailer involved in the subject collision.

**REQUEST FOR PRODUCTION NO.: 44:**

Please produce a copy of any computer data from the tractor or trailer to include but not be limited to: any data and printout from on-board recording devices, including but not limited to the ECM (electronic control module), any on-board computer, tachograph, trip monitor, trip recorder, trip

master, Hours of Service (HOS) or other recording or tracking device for the day of the collision and the six (6) month period preceding the collision for the equipment involved in the collision.

**REQUEST FOR PRODUCTION NO.: 45:**

Please produce a copy of accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo, with both the front and back of cancelled checks for cargo transported by **ANTONIO C. HALL** and/or the tractor or trailer involved in the collision for thirty (30) days prior to the date of the collision as well as the day of the collision.

**REQUEST FOR PRODUCTION NO.: 46:**

Please produce a copy of any post-collision maintenance, inspection, or repair records or invoices in regard to the tractor and trailer involved in the subject collision.

**REQUEST FOR PRODUCTION NO.: 47:**

Please produce a copy of any weight tickets, fuel receipts, hotel bills, tolls, or other records of expenses, to include expense sheets and settlement sheets regardless of type (to specifically include Comdata or similar vendor reports), for **ANTONIO C. HALL** pertaining to trips taken for the day of the collision and thirty (30) days prior to the collision.

**REQUEST FOR PRODUCTION NO.: 48:**

Please produce a copy of any trip reports, dispatch records, trip envelopes regarding the driver or the tractor or trailer involved in this collision for the day of the collision and the thirty (30) day period preceding this collision.

**REQUEST FOR PRODUCTION NO.: 49:**

Please produce a copy of any and all communications via CB radio, mobile or satellite communication systems, email, cellular phone, pager or other in cab communication device to include the bills for the devices for the day before, the day of, and the two days after the collision.

**REQUEST FOR PRODUCTION NO.: 50:**

Please produce a copy of all letters, reports, and written material from a government entity involving safety, and safety ratings for **AAA COOPER TRANSPORTATION, INC.** and **ANTONIO C. HALL** to include, but not be limited to, Department of Transportation audits by the state or federal government, the Federal Motor Carrier Safety Administration, or material generated on **AAA COOPER TRANSPORTATION, INC.,** or **ANTONIO C. HALL** pursuant to SAFER

14

System or CSA 2010. The request is limited to one (1) year prior to the wreck and any subsequent document, report, letter, or other material (to include electronically transmitted information) that includes the date of the wreck.

**REQUEST FOR PRODUCTION NO.: 51:**

Please produce a copy of all lease contracts or agreements covering **ANTONIO C. HALL** or the tractor or trailer involved in this collision.

**REQUEST FOR PRODUCTION NO.: 52:**

Please produce a copy of any interchange agreements regarding the tractor or trailer involved in this collision.

**REQUEST FOR PRODUCTION NO.: 53:**

Please produce a copy of any e-mails, electronic messages, letters, memos, or other documents concerning this collision.

**REQUEST FOR PRODUCTION NO.: 54:**

Please produce a copy of any reports, memos, notes, logs or other documents evidencing complaints about **ANTONIO C. HALL** at any time.

**REQUEST FOR PRODUCTION NO.: 55:**

Please produce a copy of any DOT or PSC reports, memos, notes or correspondence concerning **ANTONIO C. HALL** or the tractor or trailer involved in this collision.

**REQUEST FOR PRODUCTION NO.: 56:**

Please produce a copy of any and all computer, electronic, or e-mail messages created in the first forty-eight hours immediately after the incident, by and between **ANTONIO C. HALL** or **AAA COOPER TRANSPORTATION, INC.,** and any agents or third parties relating to the facts, circumstances, or actual investigation of the incident as well as any computer messages which relate to this particular incident, whether generated or received.

Respectfully Submitted:

**BRAD R. MATTHEWS (#30616)**
**J. Chandler Loupe (#19955)**
Gordon McKernan Injury Attorneys
5656 Hilton Avenue
Baton Rouge, Louisiana 70808
Phone:  (225) 926-1234
Facsimile:  (225) 926-1202

15

21st JUDICIAL DISTRICT COURT FOR THE PARISH OF LIVINGSTON

STATE OF LOUISIANA

DOCKET NO.:                                              DIV. " "

DIAMOND WILLIAMS

VERSUS

ANTONIO C. HALL, AAA COOPER TRANSPORTATION, INC. AND
ACE AMERICAN INSURANCE COMPANY

**************************************************************************

VERIFICATION

STATE OF _____

COUNTY/PARISH OF _____

BEFORE ME the undersigned notary public, personally came and appeared

_____, as an authorized corporate representative of **AAA

COOPER TRANSPORTATION, INC.**, defendant in the above captioned matter, who after

being duly sworn did state that he has read the responses to the First Set of Interrogatories and

Requests for Production of Documents which were propounded upon **AAA COOPER

TRANSPORTATION, INC.**, by Plaintiff, **DIAMOND WILLIAMS**, and that said responses

are true to the best of his knowledge, information and belief.

_____
AAA COOPER TRANSPORTATION, INC.

Sworn to and subscribed before me, Notary Public, on this ____ day of _____,

2019.

_____
NOTARY PUBLIC

16